UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| YAMAKTRIC EL BEY, | ) | |
| Plaintiff, | ) ) | No. 3:16-CV-38-GFVT-HAI |
| v. | ) ) | RECOMMENDED DISPOSITION |
| MIKE ARMSTRONG, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On June 10, 2016, this *pro se* non-prisoner civil rights lawsuit was removed to federal court.  D.E. 1.  Judge Van Tatenhove referred the matter to the undersigned "to conduct all further proceedings, including preparing proposed findings of fact and recommendations on any dispositive motions."  D.E. 6.

On June 22, Defendants filed a motion to dismiss or for judgment on the pleadings.  D.E. 9.  The local rules required Plaintiff to respond by July 13.  When Plaintiff did not respond by that date, the Court ordered him to show cause—by August 4, 2016—for his failure to timely respond.  D.E. 12.  The Court warned that "failure to provide adequate cause will result in a recommendation to dismiss the claim for failure to prosecute."  *Id*.  Plaintiff has not responded to Defendants' motion or to the Court's show-cause order.

When a plaintiff "fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."  *Scott v. Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (unpublished table decision); *see also Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (finding that a plaintiff's failure to oppose arguments raised in defendants' motion to dismiss is

grounds for the district court to assume that opposition to the motion is waived); *Purefide v. Thompson*, No. 3:13-CV-66-GFVT, 2014 WL 4661955, at *2 (E.D. Ky. Sept. 18, 2014) (dismissing plaintiff's claim when plaintiff waived opposition to defendant's motion to dismiss by failing to respond to arguments raised in the motion). By failing to respond to or to otherwise controvert Defendants' motion to dismiss, and by failing to timely seek an extension of time in which to do so, Plaintiff has waived any objection he might have had to Defendants' motion.

However, when granting a motion will result in the outright dismissal of an action, the Court should exercise some caution to at least ensure that the moving party has met its burden under the Federal Rules. *See, e.g., Carver v. Bunch*, 946 F.2d 451, 453-54 (6th Cir. 1991) (finding that a plaintiff's failure to respond to defendants' motion to dismiss, "standing alone," did not amount to a failure to prosecute and accordingly concluded that district court erred in dismissing plaintiff's complaint based solely on the failure to respond). In this case, Defendants' motion rightly shows that Plaintiff has failed to state a claim against Defendants such that dismissal is also substantively appropriate under Federal Rule of Civil Procedure 12(b)(6).[1]

Rule 12(b)(6) allows a defendant to seek dismissal of a complaint which fails to state a claim upon with relief can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion, the Court accepts all the Plaintiff's factual allegations as true and construes the complaint in the light most favorable to the Plaintiff. *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005). For a claim to be viable, the complaint must, at a minimum, give the defendant fair notice of what the claim is and the grounds upon which it rests, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47

---

[1] Courts liberally construe the pleadings of *pro se* claimants and hold their petitions to a less stringent standard than similar pleadings drafted by attorneys. *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). However, even *pro se* plaintiffs must allege sufficient facts to state a plausible claim in order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

2

(1957)).  Further, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).  "[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In this case, the uncontroverted facts establish that law enforcement pulled Plaintiff over for speeding.  He refused to show officers his driver's license or proof of registration.  He refused to exit his vehicle.  A sheriff's deputy broke the driver's side window of his car, opened the car door, extracted Plaintiff, and arrested him.  *See* D.E. 1-1 at 1-4.  Plaintiff's complaint alleges kidnapping, human trafficking, extortion, property damage, fraud, negligence, invasion of privacy, illegal search and seizure, intentional infliction of emotional distress, assault, false imprisonment, Class-D theft, and racketeering.  *Id*. at 11-12.  Plaintiff describes the lawsuit as a civil rights action under "the Due Process, Equal Protection, and Privileges or Immunities Clauses, as well as the privileges or immunities clause of the Kentucky Constitution."  *Id*. at 2.  The Court construes the federal aspects of the complaint as an action under 42 U.S.C. § 1983.  Plaintiff seeks $1,500,000 in damages.  *Id*. at 12.  Plaintiff's legal theories appear to be that, (1) as a "Moorish National," he is not subject to the laws of Kentucky; and (2) he cannot constitutionally be charged with a crime absent an "individual victim."  *See id*. at 10-11.  He names Sheriff Mike Armstrong and the Shelby County Sheriff Office as defendants.  *Id*. at 2.

Defendants take no issue with the facts described in the complaint.  In fact, they construe the facts as admissions.  Defendants point out that, as a result of the incident, Plaintiff was charged with speeding, expired registration plates, failure to maintain insurance, expired registration receipt, lack of operator's license, possession of drug paraphernalia, possession of

marijuana, resisting arrest, and displaying an illegal or altered registration plate.  D.E. 9-1 at 2-3.[2]  Defendants seek dismissal under Rule 12(b)(6) or judgment on the pleadings under Rule 12(c).

Regarding the claims against Sheriff Armstrong, "If an action is brought against an official of a governmental entity in his official capacity only, the suit should be construed as brought against the governmental entity that employs that individual."  *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (citing *Matthews*, 35 F.3d at 1049).  Here, Plaintiff does not allege that Sheriff Armstrong was directly involved in his traffic stop and arrest.  Accordingly, he is sued in his official capacity only, and the Court construes the allegations against him as allegations against the Shelby County Sheriff's Office.  Further, a sheriff cannot be sued on a theory of *respondeat superior*.  *Lockwood v. Mason Cty. Sheriff's Dep't*, 187 F.3d 636, 1999 WL 617995, at *2 (6th Cir. 1999) (table) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-93 (1978)).

Under Kentucky law, as interpreted by the Sixth Circuit and the Kentucky District Courts, a county sheriff's office cannot be sued; suit must instead be brought against the county.  *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991); *Gueye v. Richards*, No. 2:15-CV-178-DLB, 2015 WL 6395009, at *6 (E.D. Ky. Oct. 21, 2015); *Shemwell v. Heller*, No. 3:10-CV-336-CRS, 2012 WL 1038114, at *2 (W.D. Ky. Mar. 27, 2012).

Accordingly, the Court generously construes Plaintiff's claims as claims against Shelby County only.  "In order to prevail in a civil rights suit filed against a city or other governmental entity, the plaintiff must allege and prove that the governmental entity had a policy or custom,

---

[2] The Court takes judicial notice that Plaintiff is scheduled to attend a pretrial conference on these state charges on September 29 and face trial on October 12, 2016.  *Commonwealth v. Jemaktric O. Loving*, No. 16-M-411 (Shelby District Court).

4

the execution of which caused injury to the plaintiff and violated his or her constitutional rights." *Lockwood*, 1999 WL 617995, at *2 (citing *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 122 (1992); *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997)).  The question under Rule 12(b)(6) therefore boils down to whether Plaintiff's complaint properly pleads that Shelby County had a policy or custom, the execution of which caused injury to the plaintiff and violated his constitutional rights.

Plaintiff states that his complaint "challenges the constitutionality of a state ordinance, code, and municipal regulations that deprives men of their constitutional right to earn a living in a common occupation of their choice."  D.E. 1-1 at 1.  He argues that speed limit laws, drivers' licensing laws, and vehicle registration laws are unconstitutional.  D.E. 1-1 at 8-10.  The cases he cites for these propositions are either not on-point or not binding on this Court.  Plaintiff does not explain how these traffic laws affected his ability to earn a living in the occupation of his choice.  The facts in the complaint relate wholly to the behavior of a sheriff's deputy at a traffic stop.  Nowhere does Plaintiff allege that the deputy was following an unconstitutional policy or custom established by Shelby County.  As such, Plaintiff does not state a valid claim against the County under § 1983.  His federal claim should be dismissed.

In addition to invoking the federal constitution in his § 1983 claim, Plaintiff invokes the Kentucky Constitution.  D.E. 1-1 at 1, 5.  In Kentucky, "[a] county government is cloaked with sovereign immunity."  *Schwindel v. Meade Cty.*, 113 S.W.3d 159, 163 (Ky. 2003).  "Nor can a county, absent a legislative waiver of immunity, be held vicariously liable in a judicial court for the ministerial acts of its agents, servants, and employees."  *Id*. (citation omitted); *see also id*. at 163-64 (describing how, even under the Claims Against Local Governments Act, counties enjoy sovereign immunity and cannot be vicariously liable for their employees' actions).  Accordingly,

under Kentucky law, Sheriff Anderson and Shelby County (which includes the Sheriff's Department) are immune from suit. Plaintiff fails to state a claim against them upon which relief can be granted.

Therefore, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** for (1) failure to prosecute and (2) failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Any objection to this recommendation must be asserted in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) and Rule 72(b) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 12th day of August, 2016.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge