UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| YAMAKTRIC EL BEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 16-38-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| MIKE ARMSTRONG, Sherriff, and | ) | **ORDER** |
| SHELBY COUNTY SHERIFF OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court pending review of the Report and Recommendation (R&R) of United States Magistrate Judge Hanly A. Ingram [R. 13]. Plaintiff El Bey filed the instant *pro se* civil rights action asserting various claims that Defendants had violated his rights under "the Due Process, Equal Protection, and Privileges or Immunities Clauses," of the United States Constitution, "as well as the privileges or immunities clause of the Kentucky Constitution." [R. 1-1 at 2.] by failing to provide him with medical relief and "deliberately ignore[d] plaintiff['s] health" during his incarceration at United States Penitentiary (USP) McCreary. [R. 1 ¶ 12.] On June 13, 2016, El Bey's case was referred to United States Magistrate Judge Hanly A. Ingram for the purpose of conducting further proceedings, including preparing proposed findings of fact and recommendations on any dispositive motions. [R. 6.] Subsequently, the Defendants have filed a motion to dismiss for failure to state a claim [R. 9], to which El Bey has not responded, and the time for responding has now expired. Additionally, Judge Ingram ordered El Bey to show cause on or before August 4, 2016, for his failure to timely

respond to Defendants' motion, warning that a failure to do so would result in a recommendation to dismiss his claim for failure to prosecute. [R. 12.] As of this date, El Bey still has not responded to either the Show Cause Order or to Defendants' motion.

Judge Ingram issued his R&R on August 12, 2016 [R. 13], and neither party has filed any objections. Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record, and it agrees with the Magistrate Judge's Recommended Disposition.

Judge Ingram's R&R recommends that the Court dismiss El Bey's claim for failure to prosecute and also for failure to state a claim. [R. 13 at 6.] Specifically, he notes that El Bey cannot bring this action against Sheriff Armstrong in his official capacity or on a theory of respondeat superior, and that a county sheriff's office cannot be sued at all. [*Id*. at 4.] Judge Ingram, however, generously construed El Bey's claims as against Shelby County, but noted that El Bey's constitutional claims still fail because he did not properly plead that Shelby County had a policy or custom that caused injury to him or violated his constitutional rights. [*Id*.] Concerning El Bey's claims invoking Kentucky's Constitution, Judge Ingram noted that these claims also fail because Shelby County enjoys sovereign immunity. [*Id*. at 5.] Moreover, El Bey's lack of response further justifies dismissal of his claims for failure to prosecute. [*Id*. at 1-2.] The R&R advises the parties that objections must be filed within fourteen (14) days of

service or further appeal is waived. [*Id*. at 6.] Neither party has filed objections nor sought an extension of time to do so. Thus, pursuant to 28 U.S.C. § 636(b)(1), this Court adopts the Report and Recommendation.

Accordingly, it is hereby **ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation [**R. 13**] as to Yamaktric El Bey is **ADOPTED** as and for the opinion of this Court;

2. The Defendants' unopposed Motion to Dismiss [**R. 9**] is **GRANTED**;

3. The Plaintiff's action is **DISMISSED** in its entirety with prejudice; and

4. **JUDGMENT** in favor of Defendants will be entered contemporaneously herewith and this matter will be **STRICKEN** from the Court's active docket.

This 31st day of August, 2016.

Gregory F. Van Tatenhove
United States District Judge